UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPHUS SEYBOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1377 |
| | ) | |
| BRITNEY HUDDLESTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Robinson Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Illinois Department of Corrections (IDOC) officials revoked his parole because of a lawsuit his sister filed, refused to provide hearing aid devices at a later hearing, improperly calculated the sentence credit for time he has already served, refused or revoked statutory good-time credit, and refused requests for a rehearing. Plaintiff also alleges

that officials at Robinson Correctional Center ("Robinson") failed to provide legal envelopes for four months and opened his legal mail.

Plaintiff's claims that IDOC officials improperly revoked his parole and miscalculated his sentence credits must be pursued in a habeas corpus action, not in a suit for money damages under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). The Court cannot simply convert Plaintiff's lawsuit to a habeas action because it may have unintended consequences for Plaintiff—habeas corpus claims have different exhaustion requirements, different defendants, and a prisoner is generally only entitled to pursue habeas relief once. *Wilks v. Rymarkiewicz*, 667 F. App'x 549, 551 (7th Cir. 2016). Plaintiff's claims that Robison officials failed to provide legal envelopes and opened his legal mail outside his presence are properly brought under § 1983, but proper venue for these claims likely lies in the Southern District of Illinois, where the events occurred and the offending officials likely reside. *See* 28 U.S.C. §§ 93(c); 1391(b).

The Court finds that the claims Plaintiff seeks to assert are not properly litigated in the same lawsuit. Fed. R. Civ. P. 20(a); *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022) (district court should address permissive joinder issues before considering the merits of a prisoner's claims under 28 U.S.C. § 1915A). Plaintiff's complaint is dismissed with leave to file an amended complaint pursuant to the instructions below to give Plaintiff an opportunity to clarify his pleadings and the claims he desires to pursue. If Plaintiff is inclined to pursue his legal envelope and legal mail claims against Robison officials, the Court will dismiss his habeas

corpus claims without prejudice and transfer these claims to the Southern District of Illinois to avoid any additional filing fees that may result.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's motion for counsel [5] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff indicates that he has completed some college, he has personal knowledge of the facts, and he has been able to adequately communicate them to the Court. The Court finds that Plaintiff is capable of representing himself at this time.**

Entered this 26th day of January, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE